# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL CINQUE MAGEE,<br><br>    Plaintiff,<br><br>    v.<br><br>N. GRANNIS, et al.,<br><br>    Defendants. | CASE NO. 1:09-cv-01076-SMS PC<br><br>ORDER DENYING MOTION BROUGHT UNDER THE ALL WRITS ACT FOR RELIEF FROM 1988 PRE-FILING ORDER<br><br>(Doc. 4) |

       Plaintiff Ruchell Cinque Magee, a state prisoner proceeding pro se, filed this civil rights action on May 29, 2009. Along with his complaint, Plaintiff filed a motion pursuant to 28 U.S.C. § 1651 seeking relief from the pre-filing order entered against him in this district in 1988.

       The All Writs Act does not confer original jurisdiction on federal courts. Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 29, 123 S.Ct. 366, 368 (2002). In the event that jurisdiction is properly pled, neither injunctive relief nor mandamus relief is available absent extraordinary circumstances, e.g., Cheney v. U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367, 380, 124 S.Ct. 2576, 2586 (2004); Brown v. Gilmore, 533 U.S. 1301, 122 S.Ct. 1, 2 (2001), and Plaintiff must show that his right to relief "is clear and indisputable," U.S. v. Romero-Ochoa, 544 F.3d 833, 839 (9th Cir. 2009) (internal quotation marks and citation omitted).

       Plaintiff had remedies available to him at the time the pre-filing order was entered and in the cases in which it was entered. Plaintiff may not, more than twenty years later and in an unrelated suit, challenge the 1988 pre-filing order. There is neither a jurisdictional basis for the relief sought nor a clear and indisputable right to the relief sought.

1    Accordingly, Plaintiff's motion for relief from the pre-filing order is HEREBY DENIED,
2  with prejudice.

4  IT IS SO ORDERED.

5  **Dated:   September 8, 2009**                          /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE